# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3621

_____

| | | |
|---|---|---|
| Forrest Kincade, parent and guardian of Jason Kincade, an incompetent, | * * * | |
| Plaintiff-Appellant, | * * | |
| Liberty Mutual Insurance Company, | * * | |
| Intervenor-Appellant, | * * | |
| v. | * * | Appeal from the United States District Court for the Eastern District of |
| U.S. Electrical Motors, Inc.; Precision, Inc., | * * * | Arkansas. |
| Defendants | * * | |
| Borton, Inc.; | * * | |
| Defendant-Appellee, | * * | |
| John Does, 1 - 10; M/C Electric, | * * | |
| Defendants. | * | |

_____

Submitted: April 13, 2000

Filed: July 26, 2000

_____

Before RICHARD S. ARNOLD, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

ROSS, Circuit Judge.

In this diversity case, Forrest Kincade, as parent and guardian of Jason Kincade, and Liberty Mutual Insurance Company appeal from a judgment of the district court[1] entered in favor of Borton, Inc. We affirm.

In 1992 Borton entered into a contract with Producers Rice Mill (PRM), agreeing to provide the structural and concrete work necessary to construct a rice drying facility for PRM in Stuttgart, Arkansas. PRM agreed to furnish and install all electrical and mechanical equipment necessary to complete and make the facility operable. In April 1993 the parties entered into a second contract, under which Borton provided labor, as directed by PRM, to install the mechanical equipment in the facility. PRM furnished the machinery and "ancillary items" and retained "charge and control" of the worksite. In October 1993, Jason Kincade, a PRM employee, was injured while working on an unguarded tail pulley assembly of the rice conveyor belt.

On behalf of his son, Forrest Kincade filed a negligence and products liability action against Borton; Liberty Mutual, PRM's workers' compensation carrier, intervened. Borton filed a motion for summary judgment, which the district court granted. The court held that Borton had not owed a duty of care to Jason because the undisputed evidence was that PRM was responsible for the design, fabrication, and installation of the guards for the conveyor system.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Appellants first argue that the court erred in granting summary judgment because it disregarded their expert witnesses' affidavits indicating that Borton owed a duty of care to Jason. They further argue that the affidavits met the Daubert standard, see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and created a factual dispute for the jury as to duty. We need not resolve any Daubert issues. It is well established that "[t]he question of the duty owed to the plaintiff . . . is always one of law and never one for the jury." Mans v. Peoples Bank of Imboden, 10 S.W.3d 885, 888 (Ark. 2000). "Duty is a concept which arises out of the recognition that relations between individuals may impose upon one a legal obligation for another." Id.

The district court properly granted summary judgment on the ground that Borton did not owe a duty of care to Jason. If "no duty of care is owed," there is no liability. Id. As the court held, the contracts unambiguously provided that PRM had the responsibility for the design, fabrication, and installation of the mechanical and electrical systems, which included the guards. Moreover, viewing the evidence and all reasonable inferences therefrom in the light most favorable to appellants, see Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 830 (8th Cir. 2000), we agree with the district court that the parties acted in conformity with the plain language of the contracts.

Contrary to appellants' arguments, there is no evidence raising a reasonable inference that Borton voluntarily assumed a duty to guard the tail pulley or that PRM relied on Borton's expertise in assembling and installing the conveyor system. "A reasonable inference is one which may be drawn from the evidence without resort to speculation." Fought v. Hayes Wheels Int'l, Inc., 101 F.3d 1275, 1277 (8th Cir. 1996) (internal quotation omitted). It is true, as appellants note, that certain of Borton's invoices were for engineering and fabrication services during the second phase of the project. As Borton argues, however, there is no evidence giving rise to a reasonable inference that the billed services were for the conveyor system. Pat Cooper, a Borton employee, testified that although Borton had substantially completed the concrete

structure before the mechanical phase began, as PRM fabricated and installed the mechanical system, Borton had to make some modifications to the structure to insure a proper fit. He also explained that during the mechanical phase, at PRM's direction, Borton built a bridge connecting the dryer facility to another structure, which required engineering and fabrication services.

As the district court held, the undisputed evidence was that PRM was solely responsible for the design, fabrication, and installation of the conveyor system, including the guards. Although PRM had no engineers on staff, the evidence was that it had designed the conveyor system based upon a system PRM had used for over 30 years and had fabricated the parts or obtained them from a source other than PRM. Although PRM provided Borton with the tail pulley, it directed Borton's employees as to the assembly, inspected the work, and found it acceptable. Contrary to appellants' assertion, there is no evidence to suggest that PRM gave Borton a guard to install on the tail pulley, but that Borton failed to do so.[2] PRM did furnish Borton with guards for the head drive, but James Fearno, Borton's on-site superintendent, testified that Borton installed those guards and PRM furnished no other guards to Borton for installation. Indeed, the undisputed evidence was that PRM had fabricated guards for the site where Jason was injured, PRM employee George Hamilton installed one, but removed it at the direction of Doyle Long, the PRM employee who had designed the conveyor system. Long admitted that a guard had been on the tail pulley before the accident and that he allowed the system to operate without the guard, suggesting it was taken off because of a problem with dust. Long also testified that Borton had no reason to remove the guard and that someone at PRM must have done so.

Accordingly, we affirm the judgment of the district court.

---

[2]We note that several of appellants' expert witnesses' affidavits concluding Borton owed a duty of care to Jason were based in part on the erroneous premise that Borton had failed to install a tail pulley guard furnished by PRM.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT